## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **TIMOTHY RIOUX,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **v.** | ) | |
| | ) | |
| **CITY OF AUSTELL, GA,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## COMPLAINT

COMES NOW Plaintiff, Timothy Rioux, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint for Damages against the City of Austell, GA, and states as follows:

## I. JURISDICTION AND VENUE

### 1.

The jurisdiction of this court regarding Count One is invoked pursuant to the court's original jurisdiction over federal questions, 28 U.S.C. § 1331.

### 2.

The jurisdiction of this court regarding Count Two is invoked pursuant to its supplemental jurisdiction, 28 U.S.C. § 1367. Count Two arises from the Georgia

1

Whistleblower Act, O.C.G.A. § 45-1-4, and is subject to supplemental jurisdiction because the claim arises out of the same transaction or occurrence as Count One, over which this Court exercises original jurisdiction.

3.

Venue lies in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b), and resides in the Atlanta Division of this court under Rule 3.1-B of the Local Rules of the United States District Court for the Northern District of Georgia.

## II. PARTIES

4.

Mr. Rioux is a citizen of the United States of America and a resident of the State of Georgia.

5.

Defendant is a local government entity within Cobb County, in the State of Georgia.

6.

Defendant is subject to the requirements of 42 U.S.C. § 1983.

7.

Defendant is subject to the requirements of the Georgia Whistleblower Act,

O.C.G.A. § 45-1-4.

8.

Defendant is a "public employer" under O.C.G.A. § 45-1-4(a)(4).

9.

At all times relevant to this action, Plaintiff was a "public employee" under O.C.G.A. § 45-1-4(a)(3).

### III. FACTUAL ALLEGATIONS

10.

Plaintiff was employed as a police officer by Defendant from May 22, 2015, to October 22, 2015.

11.

In November 2014, Plaintiff reported via letter to Chief Starrett the actions of a fellow officer, Miguel Velilla. He specifically reported Officer Velilla's failing to activate his patrol car's emergency equipment while pursuing a suspect, pointing his weapon at the suspect without an articulated threat present, having sexual intercourse while on duty, and falsifying an incident affidavit, among others.

12.

The report in paragraph 11 was a protected disclosure under O.C.G.A. § 45-1-4.

13.

Officer Velilla resigned after the report was made.

14.

The disclosure in paragraph 11 resulted in the resignation of Officer Velilla.

15.

Chief Starrett, through an intermediary, informed Officer Velilla that Plaintiff reported his actions.

16.

The action described in paragraph 15 was retaliation in violation of O.C.G.A. § 45-1-4(d)(2).

17.

In June, 2015, Plaintiff reported via letter to Chief Starrett that night shift police officers were working patrols/shifts without adequate rest, sometimes up to 16-18 hours per shift.

18.

The disclosure in paragraph 17 was a protected disclosure under O.C.G.A. § 45-1-4.

19.

Also in June, Plaintiff reported to Sergeant Forrister good faith concerns

over 911 dispatchers neglecting their duties by, among other things, watching movies and playing video games while on duty.

20.

The disclosure in paragraph 19 was a protected disclosure under O.C.G.A. § 45-1-4.

21.

On September 2, 2015, Plaintiff reported via letter the actions of fellow officer Isha Seaborn to Plaintiff's supervisor, Sergeant John Forrister. He specifically reported Ofcr. Seaborn for failing to secure a scene and suspect, not knowing how to conduct felony stops, failing to leave her police vehicle to locate a suspect, failing to assist other officers, failing to properly clear a building, and failing to respond to calls.

22.

The report in paragraph 21 was a protected disclosure under O.C.G.A. § 45-1-4.

23.

Sergeant Forrister informed Plaintiff that he agreed with the complaints and that the complaints would be handled internally.

24.

5

Sergeant Forrister instructed Plaintiff to refrain from further reporting the actions in paragraph 21 while these were being handled.

25.

On September 9, 2015, Plaintiff wrote a letter to Chief Starrett explaining the accusations against Ofcr. Seaborn in his prior letter were now being denied by Sergeant Forrester and needed to be addressed and/or investigated.

26.

Plaintiff also requested in the same letter that he be placed onto administrative leave or temporarily moved to another position pending an investigation into Ofcr. Seaborn's actions.

27.

The letter described in paragraphs 25-26 was a protected disclosure under O.C.G.A. § 45-1-4.

28.

Chief Starrett informed Officer Seaborn that Plaintiff had reporter her actions.

29.

The action described in paragraph 28 was retaliation in violation of O.C.G.A. § 45-1-4(d)(2).

30.

On September 14, Chief Starrett provided a letter to Plaintiff stating that Plaintiff would be sent to diversity training.

31.

The action described in paragraph 30 was retaliation in violation of O.C.G.A. § 45-1-4(d)(2).

32.

On September 15, 2015, Plaintiff wrote a letter to Chief Starrett stating that he did not believe his accusations against Ofcr. Seaborn were being addressed and stating his belief that the diversity training was retaliation for, "coming forward on this matter and the matters that have transpired in the past."

33.

The report described in paragraph 32 was a protected disclosure under O.C.G.A. § 45-1-4.

34.

On September 28, 2015, Plaintiff was moved from patrol duties to working in the jail.

35.

The action described in paragraph 34 constituted a retaliatory demotion in

violation of O.C.G.A. § 45-1-4(d)(2).

36.

On September 28, 2015, Plaintiff wrote a letter to Chief Starrett explaining his belief that being moved to the jail was a demotion and that he was being moved in retaliation for, "…coming forward with safety concerns and also unethical and dishonest behavior from my direct supervisor."

37.

Also on September 28, 2015, Plaintiff was informed by Chief Starrett that he was accused of malfeasance by the same officer he reported, Ofcr. Seaborn. Plaintiff was ordered to participate in diversity training.

38.

The order described in paragraph 37 was retaliation in violation of O.C.G.A. § 45-1-4(d)(2).

39.

Plaintiff responded to the accusations made against him via letter to Chief Starrett that same day. His letter denied the accusations made against him.

40.

On October 13, 2015, Plaintiff, through counsel, objected to his demotion in a demand letter and informed the City and Police Department that he intended to

file suit if the situation was not rectified.

41.

The letter described in paragraph 33 was a protected disclosure under O.C.G.A. § 45-1-4.

42.

This letter was received by the City and the Police Department on October 15, 2015.

43.

On October 16, 2015, Plaintiff was informed that he was being suspended for three days and being ordered to attend anger management counseling.

44.

The suspension described in paragraph 43 was retaliation in violation of O.C.G.A. § 45-1-4(d)(2).

45.

Plaintiff attended anger management counseling.

46.

Plaintiff returned to work on October 21, 2015, after serving his suspension.

47.

On October 21, 2015, Plaintiff was informed that he was accused of

recording audio inside the 911 call center. Plaintiff was further informed that an investigation was being conducted and that Plaintiff was ordered to turn over any recordings he had made.

48.

In response to the accusations described in paragraph 47, Plaintiff stated that he had not recorded inside the 911 call center.

49.

Plaintiff was then provided with a document titled "Garrity Warning."

50.

The document included the text, "5. If I refuse to answer, I may be subject to discipline for that refusal which can result in my dismissal from this agency."

51.

The document included the text, "7. I have the right to consult with a representative of my collective bargaining unit, or another representative of my choice, and have him or her present during the interview."

52.

Plaintiff stated that he understood the paper and was invoking his *Garrity* rights. He then requested to discuss the matter with his attorney.

53.

At no point did Plaintiff refuse to participate in the investigation.

54.

Plaintiff was sent home in response to his comment described in paragraph 43.

55.

On October 22, 2015, Plaintiff was informed of his termination from his employment with Defendant via telephone call from Chief Starrett.

56.

The termination was retaliation in violation of O.C.G.A. § 45-1-4(d)(2).

57.

The termination was in violation of 42 U.S.C. § 1983.

**V. CLAIMS FOR RELIEF**

**COUNT I: DEPRAVATION OF RIGHTS**

58.

Plaintiff incorporates by reference paragraphs 1-57 of his Complaint as if fully set forth herein.

59.

Defendant provided Plaintiff with a "Garrity Warning."

60.

Plaintiff had a good faith belief that his failure to comply with the investigation would lead to termination.

61.

When Plaintiff attempted to exercise his Constitutional rights by asking to speak with his attorney, he was terminated.

62.

Defendant's actions deprived Plaintiff of his federal rights under the Fifth and Fourteenth Amendments of the United States Constitution.

63.

As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered loss of pay and benefits.

64.

Plaintiff has suffered compensatory damages as a result of Defendant's actions.

65.

Defendants' above-mentioned actions were willful and carried out with malice and/or reckless indifference to Plaintiff's rights, for which Plaintiff is entitled to recover punitive damages against Defendants.

## COUNT II: VIOLATION OF GEORGIA WHISTLEBLOWER

## PROTECTION ACT

66.

Plaintiff incorporates by reference paragraphs 1-65 of his Complaint as if fully set forth herein.

67.

Plaintiff made a good faith report of violations of law, rule, or regulation when he reported the actions of Ofcr. Velilla.

68.

Plaintiff made a good faith report of violations of law, rule, or regulation when he reported officers being forced to work too many consecutive hours.

69.

Plaintiff made a good faith report of violations of law, rule, or regulation when he reported the actions of Ofcr. Seaborn.

70.

Plaintiff made a good faith report of violations of law, rule, or regulation when he reported his supervisor lying regarding Ofcr. Seaborn.

71.

Paragraphs 67-70 are protected disclosures as contemplated by O.C.G.A. § 45-1-4(d)(1).

72.

As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered loss of pay and benefits.

73.

Plaintiff has suffered compensatory damages as a result of Defendant's actions.

74.

Defendants' above-mentioned actions were willful and carried out with malice and/or reckless indifference to Plaintiff's rights, for which Plaintiff is entitled to recover punitive damages against Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Declaratory relief;

c. Actual and compensatory damages in an amount to be determined by the enlightened conscience of a jury;

d. Punitive damages; and

e. Attorney's fees, costs of litigation and any other relief the Court deems just and proper.

Date: July 19, 2016

Respectfully submitted,
THE KIRBY G. SMITH LAW FIRM, LLC

_____s/Kirby G. Smith_____
Kirby G. Smith
Georgia Bar No. 250119
Micah Barry
Georgia Bar No. 103184
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this

Complaint.


Respectfully submitted this 19 day of July, 2016.

The Kirby G. Smith Law Firm, LLC

_____s/Kirby G. Smith_____
Kirby G. Smith
Georgia Bar No. 250119
Micah J. Barry
Georgia Bar No. 103184

5825 Glenridge Drive
Building 3, Suite 101A
Atlanta, GA  30328
Phone: 404-303-5112
Fax: 877-352-6253
kgs@kirbygsmith.com

<u>**FONT AND POINT CERTIFICATION**</u>

The Undersigned counsel for Plaintiff certifies that the within and foregoing

**COMPLAINT** was prepared using Times New Roman, 14-point font in

accordance with LR 5.1(B).

This 19th day of July, 2016.

Respectfully submitted,

THE KIRBY G. SMITH LAW FIRM, LLC

By:        s/Kirby G. Smith
Kirby G. Smith
Georgia Bar No. 250119

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this 19th day of July, 2016, served all parties in this matter with the foregoing **COMPLAINT** by personal service pursuant to Fed. R. Civ. P. 4.

This 19th day of July, 2016.

Respectfully submitted,
THE KIRBY G. SMITH LAW FIRM, LLC

By:   _____s/Kirby G. Smith___
      Kirby G. Smith
      Georgia Bar No. 250119